COPY

1 | Suzanne L. Martin, State Bar No. 210613
suzanne.martin@ogletreedeakins.com
2 | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
3800 Howard Hughes Parkway, Suite 1500
3 | Las Vegas, NV 89169
Telephone:  702.369.6800
4 | Facsimile:  702.369.6888

5 | Daniel Parker Jett, State Bar No. 178070
daniel.jett@ogletreedeakins.com
6 | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street, Suite 1200
7 | Los Angeles, CA 90071
Telephone:  213.438.5847
8 | Facsimile:   213.239.9045

9 | Attorneys for Defendants
ULTIMATE CREATIONS, INC. and
10 | JASON P. TOMS

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13 |

14 | MARLA BRENNER, JAMIE COOTS | Case No.   CV12 9839 ~ MRP (PLHx)
and
15 | JEREMY GEI, | **DEFENDANT ULTIMATE CREATIONS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**
16 |            Plaintiffs
17 |     v. | [28 U.S.C. §§ 1331, 1367, 1441, 1446]
18 | ULTIMATE CREATIONS, INC, | **[FEDERAL QUESTION JURISDICTION]**
19 | JASON P. TOMS and DOES 1 through 100, inclusive, | [Los Angeles Superior Court Case No. BC493645]
20 |
21 |            Defendants. | [Filed Concurrently with Decl. of Daniel Parker Jett in Support of Removal]
22 | | Action Filed: October 10, 2012
23 |
24 |
25 |
26 |
27 |
28 |

13741734_1.DOC | Case No.

NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants ULTIMATE CREATIONS, INC. ("UCI") and JASON P. TOMS ("Toms") (collectively "Defendants") hereby remove this action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (b) and 1446 based on the fact that this is a civil action founded at least in part on a claim or right arising under the Constitution, treaties, or laws of the United States, including the Fair Labor Standards Act ("FLSA") [29 U.S.C. §§ 201, et seq.] The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

**I.**

**THE STATE COURT ACTION**

1.     On or about October 10, 2012, Plaintiffs filed the Multistate And Nationwide Class Action Complaint ("Complaint") styled, "MARLA BRENNER, JAMIE COOTS and JEREMY GEI, Plaintiffs, vs. ULTIMATE CREATIONS, INC., JASON P. TOMS and DOES 1 through 100, inclusive, Defendants" in Superior Court of the State of California for the County of Los Angeles ("Superior Court"), Case No. BC493645. A true and correct copy of the Summons and Complaint is attached hereto as **Appendix "A."** The causes of action in the Complaint include: (1) Minimum Wages for All Hours Worked Under Federal Law (FLSA Collective Action); (2) Failure To Pay Federal Overtime Wages (FLSA Collective Action); (3) Failure To Pay Nevada State Minimum Wages (Nevada State Wage Class); (4) Failure To Pay Overtime Wages In Violation of N.R.S. § 608.018 (Nevada State Wage Class); (5) Willful Misclassification As Independent Contractors (California State Wage Class); (6) Minimum Wages for All Hours Worked in California (California State Wage Class); (7) Premium Pay for All Hours Worked Overtime in

1 | California (California State Wage Class); (8) Private Attorney General Act [Cal.

2 | Lab. Code, §§ 2698, et seq.]; and (9) Waiting Penalties [Cal. Lab. Code, § 203].

3 |     2.    On or about October 23, 2012, Plaintiffs completed substitute service on

4 | UCI by leaving the Summons and Complaint at UCI's place of business and mailing

5 | the Summons and Complaint to UCI's regular place of business in Los Angeles.

6 | [Attached hereto as **Appendix "B"** is a true and correct copy of the Proof of Service

7 | of Summons, filed by Plaintiffs in the Superior Court action on October 24, 2012.]

8 | Under California Code of Civil Procedure section 415.20, subdivision (b), substitute

9 | service is effective 10 days after completion of the mailing.  Therefore, service of

10 | process was effected in this case on November 2, 2012.

11 |     3.    In addition to the Summons and Complaint filed by Plaintiff set forth

12 | above, Plaintiff served the Consent To Suit [29 U.S.C. § 216(b)] for each Plaintiff,

13 | the Civil Case Cover Sheet filed with the Superior Court, attached hereto collectively

14 | as **Appendix "C."**  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal

15 | is filed in the United States District Court for the Central District of California,

16 | where the action is pending. In addition, the Superior Court is located within the

17 | Western Division of the Central District of California.  Therefore, venue is proper in

18 | this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division

19 | embracing the place where such action is pending." 28 U.S.C. § 114(a).

20 |     3.    On November 15, 2012, Defendants timely filed and served their

21 | Answer to Plaintiffs' Multistate and Nationwide Class Action Complaint in the

22 | Superior Court.  A true and correct copy of Defendants' Answer to the Complaint is

23 | attached hereto as **Appendix "D."**

24 | **II.**

25 | **REMOVAL IS TIMELY**

26 |     4.    A defendant in a civil action has thirty (30) days from the date it is

27 | validly served with a summons and complaint, or from the date on which the

28 | defendant obtains information which demonstrates that the case is removable, to

remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

5.      Plaintiffs completed substitute service on UCI on October 23, 2012, by leaving a copy of the Summons and Complaint at UCI's place of business. See, Appdx. B, attached hereto. See also, Declaration of Daniel Parker Jett In Support of Notice of Removal, filed herewith, at ¶ 3, Exh. 1. Therefore, removal is timely, as the action is being removed within 30 days of Defendants being made aware of this case and the facts warranting removal to federal court.

## III.

## THIS CIVIL ACTION INVOLVES CLAIMS OR RIGHTS ARISING UNDER THE CONSTITUTION, TREATIES, OR LAWS OF THE UNITED STATES.

6.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the FLSA [29 U.S.C. §§ 201, et seq.]. The first and second causes of action in the Complaint are for recovery of allegedly unpaid wages under federal law. See, Complaint (Appdx. A), ¶¶ 43-62.

7.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law causes of action in Plaintiff's Complaint because the state law claims are transactionally related to Plaintiff's causes of action under 29 U.S.C. §§ 201, et seq.  The state law causes of action derive from the same common nucleus of operative fact as the federal causes of action. See, United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

///

## IV.

## CONCLUSION

8.    Because this civil action founded on claims or rights arising under the Constitution, treaties or laws of the United States, Defendant respectfully request that this Court exercise its removal jurisdiction over this action.

9.    In the event this Court has a question regarding the propriety of this Notice of Removal, Home Depot requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.


DATED:  November 16, 2012                    OGLETREE, DEAKINS, NASH,
                                             SMOAK & STEWART, P.C.


                                             By: _____
                                             Suzanne L. Martin
                                             Daniel Parker Jett
                                             Attorneys for Defendants
                                             ULTIMATE CREATIONS, INC. and
                                             JASON P. TOMS

13741734.1 (OGLETREE)

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 1 0 2012

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY_____Deputy
Gina Grider

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

ULTIMATE CREATIONS, INC., JASON P. TOMS, and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MARLA BRENNER, JAMIE COOTS and JEREMY GEI,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Los Angeles Superior Court | CASE NUMBER: (Número del Caso) B C 4 9 3 6 4 5 |
|---|---|

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THIERMAN LAW FIRM
7287 LAKESIDE DRIVE

DATE: RENO, NV, 89511
(Fecha) OCT 1 0 2012      John A. Clarke Clerk, by      GINA GRIDER Deputy
(Secretario)      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT ___A___, PAGE ___6___

90029
A10024

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 10 2012

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY_____ Deputy
Gina Grider

Mark R. Thierman, SBN 72913
Jason J. Kuller, SBN 228157
Joshua D. Buck, SBN 258325
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
775/284-1500

Attorneys for Plaintiffs

D307 William F. Highberger

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE CITY AND COUNTY OF LOS ANGELES**

BC 493645

BY FAX

| | |
|---|---|
| MARLA BRENNER, JAMIE COOTS and JEREMY GEI, | Case No. |
| Plaintiffs, | Multistate and Nationwide Class Action Complaint for Willful Misclassification Of Individuals As Independent Contractors, Violation of Federal and State Minimum Wage and Overtime Compensation Laws, etc. |
| vs. | |
| ULTIMATE CREATIONS, INC, JASON P. TOMS and DOES 1 through 100, inclusive, | Fair Labor Standards Act, 29 U.S.C. 201 et seq, Nevada State Constitution Article 15, Section 16, NRS 608.018, California Labor Code §§226.8, 1194, and 1197, California Business & Professions Code §17200, California Labor Code Private Attorney General Act, Labor Code 2699 |
| Defendants. | |

COMES NOW Plaintiffs MARLA BRENNER, JAMIE COOTS and JERMY GEI ("Plaintiffs"), on behalf of themselves and all others similarly situated Kiosk Salespersons, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    This court has original jurisdiction over all claims for violation of the minimum wage and overtime provisions of the Federal Fair Labor Standards Act pursuant to 29 U.S.C.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1

§216(b), which states in relevant part that "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2.      Venue is proper in this Court and this Court has jurisdiction over all other (state law) claims alleged herein because Defendant ULTIMATE CREATIONS, INC is a California corporation with its principle place of business in the County of Los Angeles, Defendant JASON P. TOMS works and resides within the jurisdiction of this Court, and the actions complained of herein occurred, in whole or in part, within the geographical jurisdiction of this court.

## PARTIES

3.      Plaintiff MARLA BRENNER is a natural person who was employed by Defendants, and each of them, within the State of Nevada during the period one year from the filing of this complaint.

4.      Plaintiff JAMIE COOTS is a natural person who was employed by Defendants, and each of them, within the State of California during the period one year from the filing of this complaint.

5.      Plaintiff JEREMY GEI is a natural person who was employed by Defendants, and each of them, within the State of California during the period one year from the filing of this complaint.

6.      Defendant ULTIMATE CREATIONS, INC is a California corporation with its principle place of business at 4870 Fountain Ave., Los Angeles, CA. 90029.

7.      Defendant JASON P. TOMS is the owner of Defendant ULTIMATE CREATIONS, INC., and in economic reality is the alter ego and/or joint employer of the employees of the corporation and is a person who, for money or other valuable consideration, had advised an employer to treat an individual as an independent contractor to avoid employee status for that individual.

8.      The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

EXHIBIT   A   , PAGE   8

## COLLECTIVE ACTION ALLEGATIONS

9.    Plaintiffs reallege and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

10.    The FLSA class is defined as "All current and former Kiosk Salespersons employed Defendant as so-called independent contractors at any time during the period three years prior to the filing of this complaint to the date of judgment after trial."

11.    All claims involving the Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216(b) because there is a well defined community of interest in the litigation, the Plaintiff is similarly situated with all other Kiosk Salespersons and the proposed Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to, employee time reports, work reports, payroll records and policy directives.

12.    At all material times mentioned herein, Plaintiff is and was: Plaintiff is a member of the Collective Class of this Complaint and is similarly situated with all other Kiosk Salespersons employed by Defendants herein.

13.    Plaintiffs have signed consent to sue which either has been or shortly will be filed in this court.

## PENDENT STATE LAW CLASS ACTION ALLEGATIONS

14.    Plaintiffs brings this action on behalf of themselves and all other Kiosk Salespersons employed by Defendants, and each of them, as a class action, except as to the claims under California Labor Code Section 2699, which is brought as representative action only.

15.    The pendent Nevada state class is defined as "All current and former Kiosk Salespersons employed Defendant in the State of Nevada as so-called independent contractors at any time during the period three years prior to the filing of this complaint to the date of judgment after trial."

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email lhborlawyer@pacbell.net www.laborlawyer.net

3

16.     The pendant California state class is defined as "All current and former Kiosk Salespersons employed Defendant in the State of California as so-called independent contractors at any time during the period three years prior to the filing of this complaint to the date of judgment after trial."

17.     In addition, the Pendent State Law Class consists of the following subclasses, which are defined as follows:

A.      Nevada Minimum Wage Sub-Class consisting of --"All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of Nevada at any time during the period of three years prior to the filing of this complaint to the date of judgment after trial, and who were paid a regular rate of pay less than the minimum wage required by law."

B.      Nevada overtime wage class consisting of -- "All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of Nevada at any time during the period of two years prior to the filing of this complaint to the date of judgment after trial, and who worked more than 8 hours in a day, and/or 40 hours in a week and who were not paid overtime premium compensation equal to or in excess of one and one half times their regularly hourly rate of pay.

C.      Nevada Waiting Penalties Sub-Class consisting of "All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of Nevada and who were terminated at any time during the period of three years prior to the filing of this complaint to the date of judgment after trial, and who did not receive at the time of termination, or within thirty working days thereafter, all the wages due for minimum wage, overtime and other compensation as alleged herein."

D.      California Minimum Wage Sub-Class consists of -- "All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of California at any time during the period of four years

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

4

prior to the filing of this complaint to the date of judgment after trial, and who were paid a regular rate of pay less than the minimum wage required by law."

E.  California Overtime wage class consisting of -- "All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of California at any time during the period of four years prior to the filing of this complaint to the date of judgment after trial, and who worked more than 8 hours in a day, and/or 40 hours in a week and who were not paid overtime premium compensation equal to or in excess of one and one half times their regularly hourly rate of pay, and/or who worked more than 12 hours in a day but were not paid at a rate double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

F.  California waiting time penalties class consisting of -- "All current and former Kiosk Salespersons employed by Defendant as so-called independent contractors who worked in the State of California and who were terminated at any time during the period of three years prior to the filing of this complaint to the date of judgment after trial, and who did not receive at the time of termination, or within thirty working days thereafter, all the wages due for minimum wage, overtime and other compensation as alleged herein."

18.  Upon information and belief, Defendant employs and/or has employed in excess of 200 Kiosk Salespersons within California, 50 to 60 Kiosk Salespersons within Nevada and many hundreds Kiosk Salespersons nationwide within the applicable statute of limitations, each of whom has substantially similar, or identical, duties as Plaintiffs herein, and each of whom is misclassified as independent contractors when they are, in fact and in law, employees, and who, as a direct and proximate result of such misclassification, were not paid minimum wage, overtime wages and mandatory employment entitlements like Unemployment Insurance and State Disability Insurance.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

5

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

19.  As a result of this pay scheme, Defendant has permitted or suffered to work Plaintiffs, and all other of its Kiosk Salesperson employees, at an hourly rate of pay less than the applicable state minimum wage as required by Wage Order 9 of the Industrial Wage Commission of the State of California applicable at the time the work was performed.

20.  Defendants, and each of them, have permitted or suffered to work more than forty hours in a workweek and more than 8 hours in a day without overtime premium compensation equal to or in excess of one and one half times their regularly hourly rate of pay, and more than 12 hours in a day at double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

21.  Defendants, and each of them, regularly have prohibited their Kiosk Salesperson employees to take meal and rest period breaks and have not properly compensated them for missed meal and rest periods.

22.  Class Members are similarly situated, as they have substantially the same or similar job requirements and are subject to a common practice, policy or plan that requires them to perform work at less than the applicable California minimum hourly wage, to work in excess of eight (8) in a workday and/or forty (40) hours a week without premium overtime compensation as required by law, to be paid with paycheck stub without any notation of the hours actually worked, and to work through any meal or rest break. Class members are not and have not been compensated for all wages due at the time of termination for a period in excess of 30 work days.

23.  Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation the following:

  a.  Whether Defendant's Kiosk Salespersons are employees or true independent contractor basis when the Defendants control both the method and manor of performing the job, and the economic realities are such that Defendants are the employers of the Kiosk Salespersons,

6

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

b. Whether Defendant's policy of paying its Kiosk Salespersons as so-called independent contractors without to the actual hours worked violates the minimum wage, and overtime provisions the Fair Labor Standards Act, the Nevada Constitution, Nevada Revised Statutes Section 608.018, the California Labor Code §§ 226.8, 1194, and 1197, California Business & Professions Code §17200, and the Orders of the California Industrial Wage Commission.

c. Whether Defendants willfully misclassified the Kiosk Salespersons as independent contractors as that the term willfully is defined by California Labor Code Section 226.8,

d. Whether Defendants "willfully" failed to pay all wages due its California Kiosk Salespersons within 30 days of the time of termination, as the term willful is defined for purposes of California Labor Code 203.

e. Whether Defendants failed to pay all wages due its Nevada Kiosk Salespersons within 30 days of the time of termination, Nevada not having a "willful" requirement to its waiting penalty statute at NRS 608.040 and 608.050.

f. Whether Defendant's California employees employed as management trainees and/or lead generators are entitled to a second meal period, and if not so provided, one hour's compensation.

g. Whether Defendant failed to pay all wages due within the time periods required by California Labor Code section 204.

## FACTUAL ALLEGATIONS

24. Plaintiffs incorporate by reference all the allegations above as if fully set forth herein.

25. Defendants are engaged in the business of selling products from Kiosks, called "specialty retail operations" in major shopping malls, in Sam's clubs and at trade shows.

26. Defendants retain class members to operate its Kiosks.

7

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

27.     Defendants, and each of them, negotiate leases with the shopping mall owners, and decide the goods to be sold at each Kiosk.  Defendants mandate the hours of operation, the equipment installed on each Kiosk, the quantity and price of all goods sold from each Kiosk, the arraignment of the goods on the Kiosk, the advertising and labeling on each Kiosk bears, the return policy to customers that each Kiosk must honor, collect the money from the safe and/or from the employees in each Kiosk, reconciling of the books of each Kiosk, pay for all utilities for the Kiosk, process the credit cards for all sales from each Kiosk. Defendants mandated the type of clothing each Kiosk Salesperson could wear to work.  Defendants and each of them provided training, if any, to the Kiosk Salespersons. Defendants and each of them, mandated how the Kiosk Salesperson should collect warranty information, and would own and use all "mailing list" information developed at the Kiosk.

28.     Basically, Defendants, and each of them, tell the Kiosk Salespersons what to sell, where to sell, and how to sell their products.

29.     The policies and practices of Defendant at all relevant times have been substantially similar, if not identical, for all the Kiosk Salespersons it employs in each state, and nationwide.

30.     Defendants pay its Kiosk Salespersons 25% of the actual sales made except in Sam's club where the Kiosk Salespersons are paid 20%, net of taxes.

31.     The Kiosk Salesperson collects the sales tax, sends it to the Defendants, who (presumably) pays it to the various states.

32.     The Kiosk Salesperson must do their work on-site, because they must sell only on-side and must take inventory on site three times a day, and report it to the Defendants weekly.

33.     The Kiosk Salespersons can't negotiate their own prices even though they know some of the same products they are required to sell at one price are sold by Defendants and others at a lower price at a different location.

34.     Kiosk Salespersons do not have a business license in their own name, a "retail sales exemption" certificate, a fictitious business name or any other business, tax and/or legal imprimaturs of a true separate business.

8

35.     Dividing the amount Defendants paid as wages to each class member nationally by the hours worked per week results in a "regular rate" of pay which is less than $7.25 per hour, the federal minimum wage rate mandated by Section 6 of the Fair Labor Standards Act, 29 U.S.C.§206.

36.     Dividing the amount Defendants paid as wages to each class member who worked in Nevada within the last two years by the hours worked per week results in a "regular rate" of pay which is less than $7.55 per hour in 2009, and less than $8.25 after July 1, 2010, which is less than the amount specified in Article 15 Section 16 of the State of Nevada Constitution.

37.     Dividing the amount Defendants paid as wages to each class member who worked in California within the last four years by the hours worked per week results in a "regular rate" of pay which is less than $8.00 an hour, the applicable state minimum wages required by the orders of the Industrial Wage Commission of the State of California and the provisions of California Labor Code 510 et seq.

38.     During the last four years and continuing to date, Defendants paid Plaintiffs and all class members a regular rate of pay less than the minimum wage required by law.

39.     The Defendants' commission pay scheme does not include any provision for overtime premium compensation equal to or in excess of one and one half times the Kiosk Salesperson's regular hourly rate for working more than forty hours in a workweek or more than 8 hours in a day.

40.     During the last three years, the class member nationwide regularly worked in excess of 40 hours a week without any overtime premium compensation as required by Section 7 of the Fair Labor Standards Act, 29 U.S.C. §207.  Kiosk Salespersons are not exempt from the overtime provision of the Fair Labor Standards Act because, among other reasons, the Kiosk Salesperson do not average during a representative period of time, at least one and one-half times the minimum wage for each hour worked.  To the extent the defendants have failed to keep accurate records of the hours worked by each Kiosk Salesperson, they are unable to sustain their burden to prove the retail sales exemption applies.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

9

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

41.   During the last four years, class members worked in excess of eight (8) in a workday and/or forty (40) hours a week without premium overtime compensation as required by law

42.   During the last four years and continuing to date, Defendants failed to pay Plaintiffs and all class members the overtime premium pay required by law.

## FIRST CAUSE OF ACTION
Minimum Wages For All Hours Worked Under Federal Law
(FLSA COLLECTIVE ACTION)

43.   Plaintiffs incorporate by reference all the allegations above as if fully set forth herein. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

44.   Plaintiffs bring this  Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons who consent in writing to join this action and who are or were employed by Defendants, or any of them, as Kiosk Salespersons within three years of the filing of this complaint.

45.   The FLSA requires, inter alia, employers to pay covered employees a minimum wage, and to provide additional compensation for overtime work. 29 U.S.C. § 206(a)(1) specifies minimum rates of compensation, and section 207(a)(1) requires employers to pay employees "at a rate not less than one and one-half times the regular rate" of pay for any time spent working in excess of forty hours per week.

46.   Section 6(a) of the Fair Labor Standards Act, 29 U.S.C. §206(a) states in relevant part that after May 25, 2009 "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $ 7.25 an hour. . . "

47.   Defendants pay Kiosk Salespersons on commissions of 25% for gross sales.

48.   In many weeks, plaintiff like all other class members, were paid a regular rate of pay less than the amount required by Section 6 of the Fair labor Standards Act, 29 U.S.C. §206.

49. In many workweeks, the Kiosk Salesperson earned only the per diem rate for 8 to 10 hours a day of work. This computes to a regular rate of $6.25 an hour or less for all hours worked.

50. Even when they earned commission, the light duty two truck operators/drivers would often earn a regular hourly rate (calculated by dividing total compensation by all hours worked in the workweek) of less than the minimum wage required by Section 6 of the Fair Labor Standards Act, 29 U.S.C. §206.

51. The Kiosk Salespersons are not within the Motor Carrier Act exemption to the overtime provisions of the Fair Labor Standards Act, 29 U.S.C.S. § 213(b)(1), but even if they were, the motor carrier act exemption applies solely to overtime claims under 29 U.S.C.S. § 207, and not to the minimum wage requirements of 29 U.S.C. §206.

52. There is no exemption or exclusion to the minimum wage applicable to the Kiosk Salespersons employed by Defendants, and specifically, the motor carrier act exemption does not apply to the minimum wage requirements of the FLSA.

53. Therefore, Plaintiff seeks judgment against the Defendants on behalf of himself and on behalf of those similarly situated who file written consents to join in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid minimum wages owed by the Defendant to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 206, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorneys fees, as provided for under 29 U.S.C. §216(b).

54. Plaintiff also seeks to have all such persons notified by the Court of the pendency of this action and invited to join this action as Plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to join with the Court, and to toll all limitations periods pending these proceedings.

/ / /

/ / /

/ / /

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

11

**SECOND CAUSE OF ACTION**
Failure to Pay Federal Overtime Wages
(FLSA COLLECTIVE ACTION)

55.   Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

56.   Plaintiffs bring this Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons employed by Defendants, or any of them, as Kiosk Salespersons within three years of the filing of this complaint who consent in writing to join this action.

57.   Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. 207(a)(1) states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58.   At all times relevant herein, Plaintiff and all other Kiosk Salespersons were not exempted pursuant to the retail sales exemption, 29 U.S.C.S. § 207(1) from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, because, among other reasons, the did not earn one and one half the minimum wage during a representative period of time, typically a month, and because the employer failed to maintain an accurate record of hours worked in order to substantiate any exemption.

59.   Defendant failed to pay numerous employees overtime compensation at one and half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

60.   Instead, Defendant paid its Kiosk Salespersons on a per diem rate plus commissions on gross revenues in excess of a threshold amount, with no premium pay based upon hours worked in a workweek at all. All the defendant's paid pursuant to this wage compensation agreement are similarly situated to Plaintiff, and all were denied proper compensation for hours worked in excess of 40 hours in the workweek at one and one half their regular rate, as required by the FLSA, 29 U.S.C. § 207 for the work, labor and services they provided to the Defendant.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

12

61.     Plaintiffs seek to have all such persons notified of the pendency of this action and invited to join this action as Plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to joint with the Court and to toll all limitations periods pending these proceedings.

62.     Therefore, Plaintiffs seek judgment against the Defendants on behalf of themselves and on behalf of those similarly situated who file written consents to join in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages owed by the Defendant to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorneys fees, as provided for under 29 U.S.C. §216(b).

### THIRD CAUSE OF ACTION
Failure to Pay Nevada State Minimum Wages
(NEVADA STATE WAGE CLASS)

63.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

64.     Section 16 of Article 15 of the Nevada State Constitution requires all employers to pay a minimum hourly wage of $7.55 an hour before July 2010 and $8.25 an hour after, which amount is reduced by $1 if the employer provides health insurance to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer.

65.     Section 16(B) of Article 15 of the Nevada State Constitution creates a private cause of action to enforce this provision when it states: "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

13

66. There is no exception to the provisions of the Nevada State Constitution applicable to Kiosk Salespersons.

67. By the conduct described above, Defendants have violated the minimum wage requirements of the Nevada State Constitution.

68. Therefore, Plaintiffs seek judgment against the Defendants on behalf of himself and all others similarly situated Nevada class members of declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid minimum wages owed by the Defendant to the Plaintiff and such other persons similarly, costs, interest and attorneys fees as allowed by law.

### FOURTH CAUSE OF ACTION
Failure to Pay Overtime Wages in Violation of N.R.S. 608.018
(NEVADA STATE WAGE CLASS)

69. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

70. Nevada Revised Statutes 608.018(1) provides: "An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work."

71. Plaintiff and Class Members routinely worked in excess of 8 hours a day and/or 40 hours a week.

72. Defendant failed to pay Plaintiff and Nevada State Wage Class Members overtime premium pay for all hours worked over 8 hours in a day in weeks in which they did not earn at least one and one half the minimum wage, and in all cases, for hours worked over 40 hours in a week in violation of N.R.S. 608.018.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

14

73. Because there is no express statute of limitations for violations of N.R.S. 608.018, the three-year statute contained in N.R.S. 11.190(3) for statutory violations applies.

74. Wherefore, Plaintiff demands for himself and for Nevada State Class Members that Defendants pay them one and one half times their "regular rate" of pay for all hours worked in excess of A) 8 hours in a workday in any work week when their regular rate of pay was less than one and one half times the minimum wage, and/or B) 40 hours a week during the Class Period, together with attorneys fees and costs provided by law.

### FIFTH CAUSE OF ACTION
Willful Misclassification as Independent Contractors
(CALIFORNIA STATE WAGE CLASS)

75. Plaintiff incorporates by reference all the allegations above as if fully set forth herein.

76. Effective January 1, 2011, SB 459  (Chapter 706, Statutes of 2011), also known as added section  226.8(a) (1)  to the California Labor Code, which states: " It is unlawful for any person or employer to engage in any of the following activities:   Willful misclassification of an individual as an independent contractor."

77. As defined in California Labor Code Section 228(1)(4), "Willful misclassification" means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor."

78. In addition, California Labor Code Section 2753  (a) states that " A person who, for money or other valuable consideration, knowingly advises an employer to treat an individual as an independent contractor to avoid employee status for that individual shall be jointly and severally liable with the employer if the individual is found not to be an independent contractor By the conduct described above . . ."

79. By the conduct described about, Defendants, and each of them, knowingly misclassified the Kiosk Salespersons in California as independent contractors when clearly they are employees.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

15

80. By the conduct described above, each Defendant knowingly advised the other to treat the Kiosk Salespersons as independent contractors to avoid employee status for those individuals.

81. California Labor Code Section 226.8 ( b) provides that "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

82. California Labor Code Section 226.8 (c) provides that " If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

83. Wherefore, Plaintiffs demand payments of these fines and penalties, as well as restitution of all benefits such as state disability insurance and unemployment compensation pursuant to the Labor Code Private Attorney General Act, Labor Code 2699, as more fully set forth hereinafter.

## SIXTH CAUSE OF ACTION
### Minimum Wages For All Hours Worked in California
### (CALIFORNIA STATE WAGE CLASS)

84. Plaintiff incorporates by reference all the allegations above as if fully set forth herein.

85. California Labor Code § 1197 requires employers to pay minimum wages to all employees. The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

86. Since January 2008, the minimum wage for all non-exempt workers employed in California has been $8.00 an hour.

87. Wage Order 7 of the Industrial Wage Commission of the State of California applies to the Mercantile Industry, and none of the exceptions to the minimum wage requirements contained therein apply in this case.

88. By the conduct described above, Defendants, and each of them, have paid Plaintiffs and class members less than the applicable minimum hourly wage for all hours worked.

89. California Labor Code Section 1194 (a) states that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

90. California Labor Code Section 1194.2 (a) states, in part: " In any action under Section 98, 1193.6, or 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

91. Wherefore, Plaintiffs further demand damages pursuant to Labor Code Section 1194 for the amount paid every class member less than the California Minimum wage for the three years prior to the filing of this lawsuit until the date of judgment herein, plus liquidated damages in an equal amount pursuant to Labor Code 1194.2 together with interest, costs and attorneys fees as provided by law.

92. Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiffs further demand restitution for themselves and all class members employed in the four years prior to the filing of this complaint to the date of judgment after trial

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

17

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

herein in the form of payment at the minimum hourly rate of pay for all hours worked and not properly paid, plus interest and attorneys fees as allowed by law.

### SEVENTH CAUSE OF ACTION
Premium Pay For All Hours Worked Overtime In California
(CALIFORNIA STATE WAGE CLASS)

93. Plaintiff incorporates by reference all the allegations above as if fully set forth herein.

94. California Labor Code §510(a) states in relevant part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

95. California Labor Code Section 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

96. Section 3(A)(1), subsections a and b, of the applicable Wage Order of the California Industrial Wage Commission, states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for

18

all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

97. Plaintiffs and all class members are not exempt from the overtime requirements of California law.

98. Section 3(D) of the applicable wage order because Class members earnings do not exceed one and one-half (1 1/2) times the California State minimum wage.

99. By the conduct described above, Defendants, and each of them, have violated the California Labor Code and Orders of the Industrial Wage Commission by failing to pay overtime compensation when due.

100. Wherefore, Plaintiffs demand pursuant to California Labor Code §1194(a) payment for themselves and all class members employed in the three years prior to the filing of this complaint to the date of judgment after trial herein at the correct premium rate for all overtime hours worked and not properly paid, plus interest and attorneys fees as allowed by law.

101. Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiffs further demand restitution for themselves and all class members employed in the four years prior to the filing of this complaint to the date of judgment after trial herein in the form of payment at the correct premium rate for all overtime hours worked and not properly paid, plus interest and attorneys fees as allowed by law.

## EIGHTH CAUSE OF ACTION
### PRIVATE ATTORNEY GENERAL ACT

102. Plaintiffs incorporate by reference all the allegations above as if fully set forth herein.

103. Plaintiff JEREMY GEI is an aggrieved employee as that term is defined in California Labor Code 2699(c).

104. Plaintiff has exhausted all administrative remedies required by California Labor Code Section 2699 and 2699.3.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laboratnwyer@pacbell.net www.laborlawyer.net

19

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

105.    At all times relevant herein, Defendants, and each of them, employed more than two employees.

106.    Each of the causes of action stated above is a violation of one or more sections of the Labor Code

107.    Plaintiffs bring this civil action on behalf of the Labor and Workforce Development Agency of the State of California, and/or its departments, divisions, commissions, boards, agencies, and/or employees.

108.    Wherefore for all violations of the Labor Code described above, except those for which a civil penalty is specifically provided for in the Labor Code, Plaintiffs demand pursuant to California Labor Code §2699(f), a civil of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

109.    And wherefore, for all violations of the Labor Code described above for which a civil penalty is specifically provided for in the Labor Code, Plaintiffs demand pursuant to California Labor Code §2699(a) the amount of that penalty.

## NINTH CAUSE OF ACTION
## WAITING PENALTIES

110.    Plaintiffs incorporate by reference all the allegations above as if fully set forth herein.

111.    Plaintiffs and many members of the class terminated their employment relationship with Defendants but were not paid all wages due as described above for thirty days or more after termination.

112.    Labor Code Section 203(a) states in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

113.   Labor Code Section 203(a)  states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

114.   By the conduct described above, Defendants willfully failed to pay all the wages due  the members of the class who terminated employment within the last three years from the filing of this complaint to the date of judgment after trial herein.

115.   Wherefore, Plaintiffs demand 30 working days of pay as waiting penalties pursuant to Labor Code 203 for every member of the class who terminated his or her employment relationship and was not paid all sums due.

### PRAYER

Wherefore, Plaintiffs, and each of them pray for:

A.   Pursuant to 29 U.S.C. §§ 206 and 207,  judgment against the Defendants on behalf of himself and on behalf of those similarly situated who have filed written consents to join in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendant  to the Plaintiff and such other persons similarly situated, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorneys fees, as provided for under 29 U.S.C. §216(b).

B.   Pursuant to Article 15, Section 16 of the Nevada State Constitution,  declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid minimum  wages owed by the Defendant to the Plaintiff for themselves and all members of the Nevada class of all Kiosk Salespersons employed in Nevada by the Defendants from three years from the filing of this complaint to the date of judgment after trial, and such other persons similarly, costs, interest and attorneys fees as allowed by law

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

EXHIBIT___A___,PAGE___27

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

C.  Pursuant to N.R.S. 608.018, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages owed by the Defendant to the Plaintiff for themselves and all members of the Nevada class of all Kiosk Salespersons employed in Nevada by the Defendants from three years from the filing of this complaint to the date of judgment after trial, at the rate of one and one half times their "regular rate" of pay for all hours worked in excess of A) 8 hours in a workday in any work week when their regular rate of pay was less than one and one half times the minimum wage, and/or B) 40 hours a week during the Class Period, together with attorneys fees and costs as provided by law.

D.  Pursuant to California Labor Code §1194(a), payment for themselves and all members of the class of all Kiosk Salespersons employed by the Defendants from three years from the filing of this complaint to the date of judgment after trial, payment of the minimum hourly wage rate plus liquidated damages pursuant to Labor Code Section 1194.2 (a), interest, costs and attorneys fees as provide by law.

E.  Pursuant to California Business & Professions Code Section 17200, restitution for themselves and all class members employed in the four years prior to the filing of this complaint to the date of judgment after trial herein in the form of payment at the minimum hourly rate of pay for all hours worked and not properly paid, plus interest and attorneys fees as allowed by law

F.  Pursuant to California Labor Code §1194(a) payment for themselves and all class members employed in the three years prior to the filing of this complaint to the date of judgment after trial herein at the correct premium rate for all overtime hours worked and not properly paid, plus interest and attorneys fees as allowed by law.

22

G.    Pursuant to California Business & Professions Code Section 17200, restitution for themselves and all class members employed in the four years prior to the filing of this complaint to the date of judgment after trial herein in the form of payment at the correct premium rate for all overtime hours worked and not properly paid, plus interest and attorneys fees as allowed by law.

H.    Pursuant to California Business & Professions Code Section 17200, Defendants, and each of them, be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

I.    Pursuant to California Labor Code 226.7 payment for themselves and all members of the class one hour pay per day for every missed mandatory meal period and/or one hour pay per day missed mandatory break period.

J.    Pursuant to California Business & Professions Code Section 17200, restitution for themselves and all members of the class for the missed meal and break times.

K.    Pursuant to California Labor Code §2699(f), for all violations of the Labor Code described above, except those for which a civil penalty is specifically provided for in the Labor Code, a civil of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

L.    Pursuant to California Labor Code §2699(a), for all violations of the Labor Code described above for which a civil penalty is specifically provided for in the Labor Code, Plaintiffs demand the amount of that penalty.

/ / /
/ / /
/ / /

THERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

23

M.    Pursuant to Labor Code 203, 30 working days of pay as waiting penalties for every member of the class who terminated his or her employment relationship and was not paid all sums due.

Dated: October 9, 2012,                    Respectfully submitted,

_____
Mark R. Thierman
Attorneys for Plaintiffs

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

24

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside Suite 101<br>Reno, NV 89511<br>    TELEPHONE NO.: (775) 284-1500<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>OCT 24 2012<br><br>JOHN A. CLARKE, CLERK<br>BY S. MARTINEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA 90005

| PLAINTIFF/PETITIONER: Brenner, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ultimate Creations, Inc, et al. | BC493645   D307 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Ultimate Creations |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement Of Location, Notice Of Case Assignment, ADR Information Package, Voluntary Efficient Litigation Stipulations

3. a. Party served: Ultimate Creations, Inc          **BY FAX**

   b. Person Served: Jason P. Toms - Person authorized to accept service of process

4. Address where the party was served: 4870 Fountain Avenue
                                   Los Angeles, CA 90029

5. I served the party
   b. **by substituted service.** On (date): 10/23/2012       at (time): 11:25 AM I left the documents listed in item 2 with or
      in the presence of: Jane Doe - F, Cau, 40yrs, 5'5, 180lbs
      (1) **(business)**   a person at least 18 years of age apparently in charge at the office or usual place of business of the
              person to be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Ultimate Creations, Inc

   under:     CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:         Jimmy Lizama
   b. Address:      One Legal – 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 109.90
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No. 4553
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 10/23/2012

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 6792924

EXHIBIT B PAGE 31

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Mark Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside Suite 101<br>Reno, NV 89511 | | (775) 284-1500 | |
| ATTORNEY FOR (Name):   Plaintiff | Ref. No. or File No.<br>Ultimate Creations | | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA  90005

PLAINTIFF:

Brenner, et al.

DEFENDANT:

Ultimate Creations, Inc, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>BC493645 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd #223, Novato, CA  94947.

On 10/23/2012, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

## BY FAX

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement Of Location, Notice Of Case Assignment, ADR Information Package, Voluntary Efficient Litigation Stipulations

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Ultimate Creations, Inc
Jason P. Toms
4870 Fountain Avenue
Los Angeles, CA  90029

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 109.90

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/23/2012 at Los Angeles, California.

Mirian Flores
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947

Mirian Flores

OL# 6792924

EXHIBIT   _B_   PAGE  _32_

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Mark Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside<br>Reno, NV 89511 | | (775) 284-1500 | |
| ATTORNEY FOR (Name): Plaintiff | | Ref. No. or File No.<br>Ultimate Creations | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA 90005

PLAINTIFF:

Brenner, et al.

DEFENDANT:

Ultimate Creations, Inc, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>BC493645 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

**BY FAX**

On 10/23/2012, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement Of Location, Notice Of Case Assignment, ADR Information Package, Voluntary Efficient Litigation Stipulations

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Jason P. Toms
4870 Fountain Avenue
Los Angeles, CA 90029

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 74.90

Mirian Flores
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/23/2012 at Los Angeles, California.

Mirian Flores

OL# 6792925

EXHIBIT _B_ PAGE _33_

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside<br>Reno, NV 89511<br>TELEPHONE NO.: (775) 284-1500<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>LOS ANGELES SUPERIOR COURT<br><br>OCT 24 2012<br><br>JOHN A. CLARKE, CLERK<br>BY C. MARTINEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA 90005

PLAINTIFF/PETITIONER: Brenner, et al.

DEFENDANT/RESPONDENT: Ultimate Creations, Inc, et al.

CASE NUMBER:
BC493645   D·307

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Ultimate Creations |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:  Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement
   Of Location, Notice Of Case Assignment, ADR Information Package, Voluntary Efficient Litigation
   Stipulations

3. a. Party served:   Jason P. Toms                                                    **BY FAX**

   b. Person Served: Jane Doe - Cau, F, 40yrs, 5'5, 180lbs - Person in Charge of Office

4. Address where the party was served:  4870 Fountain Avenue
                                        Los Angeles, CA 90029

5. I served the party
   b. by substituted service.  On (date): 10/23/2012        at (time): 11:25 AM        I left the documents listed in item 2 with or
      in the presence of:  Jane Doe - Cau, F, 40yrs, 5'5, 180lbs
      (1) **(business)**  a person at least 18 years of age apparently in charge at the office or usual place of business of the person to
          be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.
      (5) I attach a declaration of diligence stating actions taken first to attempt personal service.
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.

7. **Person who served papers**
   a. Name:      Jimmy Lizama
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 74.90
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

   Date: 10/23/2012

   _____                          _____
   Jimmy Lizama                                             (SIGNATURE)
   (NAME OF PERSON WHO SERVED PAPERS)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                          **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

OL# 6792925

EXHIBIT __B__ PAGE __34__

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Mark Thierman, 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside<br>Reno, NV 89511 | (775) 284-1500 | |

ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No.
Ultimate Creations

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Los Angeles County
600 S. Commonwealth Avenue
Los Angeles, CA 90005

PLAINTIFF:

Brenner, et al.

DEFENDANT:

Ultimate Creations, Inc, et al.

| DECLARATION OF DILIGENCE | | | | CASE NUMBER:<br>BC493645 |
|---|---|---|---|---|

I received the within process on 10/17/2012 and that after due and diligent effort I have been unable to personally serve said party. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED: Jason P. Toms

BY FAX

(1) BUSINESS: Ultimate Creations Inc. 4870 Fountain Avenue, Los Angeles, CA 90029

As enumerated below:

10/18/2012  4:27 PM   at address (1) above. Not in..  Subject not in. No one authorized to accept service.
10/22/2012  3:00 PM   at address (1) above. Not in..  Subject not in. No one authorized to accept service.
10/23/2012  11:25 AM  at address (1) above. Not in..  Subject was not in. Sub-served Jane Doe - F, Cau, 40yrs, 5'5, 180lbs on behalf of subject.

Registered California process server.
County: LOS ANGELES
Registration No.: 4553

Jimmy Lizama
One Legal - 194-Marin
504 Redwood Blvd #223

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/23/2012 at Los Angeles, California.

_Jimmy Lizama_

Jimmy Lizama

OL# 6792925

EXHIBIT __B__ ,PAGE __35__

# EXHIBIT C

Mark R. Thierman, SBN 72913
Jason J. Kuller, SBN 228157
Joshua D. Buck, SBN 258325
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
775/284-1500

Attorneys for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE CITY AND COUNTY OF LOS ANGELES

| | |
|---|---|
| MARLA BRENNER, et al., | Case No. |
| Plaintiffs, | |
| vs. | CONSENT TO SUIT |
| | 29 U.S.C. §216(b) |
| ULTIMATE CREATIONS, INC, JASON P | |
| TOMS and DOES 1 through 100, inclusive, | |
| Defendants. | |

The undersigned hereby consents to become party plaintiff in the above captioned matter and in such related and amended pleadings and proceedings concerning the employment described in the complaint in this action.

Dated June 18, 2012,

Signed: _Marla J Brenner_

Print Name: _MARLA E. Brenner_

Consent to Suit 29 U.S.C.§216(b)

0

EXHIBIT C   PAGE 36

1  Mark R. Thierman, SBN 72913
   Jason J. Kuller, SBN 228157
2  Joshua D. Buck, SBN 258325
   THIERMAN LAW FIRM
3  7287 Lakeside Drive
   Reno, NV 89511
4  Phone: (775) 284-1500

5

6  Attorneys for Plaintiff

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         IN AND FOR THE CITY AND COUNTY OF LOS ANGELES

9

10

11

12  MARLA BRENNER, et al.,                 )   Case No.
                                           )
13                        Plaintiffs,      )
                                           )   CONSENT TO SUIT
14  vs.                                    )   29 U.S.C. §216(b)
                                           )
15  ULTIMATE CREATIONS, INC, JASON P.      )
16  TOMS and DOES 1 through 100, inclusive, )
                                           )
17                        Defendants.      )
                                           )
18                                         )
                                           )
19  ─────────────────────────────────     )

20

21  The undersigned hereby consents to become party plaintiff in the above captioned matter and in

22  such related and amended pleading and proceedings concerning the employment described in the

23  complaint in this action.

24  Dated June 18 , 2012.

25

26                                    Signed: _Jamie Coots_

27                                    Print Name: _Jamie Coots_

28  Consent to Suit 29 U.S.C.§216(b)

    0

EXHIBIT   C   PAGE 37

1  Mark R. Thierman, SBN 72913
2  Jason J. Kuller, SBN 228157
   Joshua D. Buck, SBN 258325
3  THIERMAN LAW FIRM
   7287 Lakeside Drive
4  Reno, NV 89511
   Phone: (775) 284-1500
5
6  Attorneys for Plaintiff
7
8         SUPERIOR COURT OF THE STATE OF CALIFORNIA
9         IN AND FOR THE CITY AND COUNTY OF LOS ANGELES
10
11
12  MARLA BRENNER, et al.,              ) Case No.
                                        )
13                Plaintiffs,           )
                                        )
14        vs.                           ) CONSENT TO SUIT
                                        ) 29 U.S.C. §216(b)
15  ULTIMATE CREATIONS, INC, JASON P.   )
16  TOMS and DOES 1 through 100, inclusive, )
                                        )
17                Defendants.           )
                                        )
18                                      )
                                        )
19  _____)
                                        )
20
21  The undersigned hereby consents to become party plaintiff in the above captioned matter and in
22  such related and amended pleading and proceedings concerning the employment described in the
23  complaint in this action.
24
25  Dated June 30 , 2012.
26
27                                      Signed: _____
28                                      Print Name: JEREMY GET
    Consent to Suit 29 U.S.C.§216(b)
    0

*(left margin, vertical text)* THIERMAN LAW FIRM, PC / 7287 Lakeside Drive / Reno, NV 89511 / (775) 284-1500 fax (775) 703-5027 / Email laborlawyer@pacbell.net www.laborlawyer.net

EXHIBIT  C  PAGE  38

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Mark R. Thierman, SBN 72913<br>THIERMAN LAW FIRM<br>7287 Lakeside Drive<br>Reno, NV 89511 | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
|---|---|

TELEPHONE NO.: (775) 284-1500    FAX NO.: (775) 703-5027

ATTORNEY FOR (Name):

OCT 10 2012

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles

JOHN A CLARKE, EXECUTIVE OFFICER/CLERK

STREET ADDRESS: 111 North Hill Street

BY _____ Deputy

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk

CASE NAME:

MARLA BRENNER, et al. v. ULTIMATE CREATIONS, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | BC 493645 |

**BY FAX**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 9
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
October 9, 2012

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT   C   PAGE 39

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

EXHIBIT  C   PAGE  40

BY FAX

| SHORT TITLE | CASE NUMBER |
|---|---|
| MARLA BRENNER, et al. v. ULTIMATE CREATIONS, INC., et al. | BC 493645 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 10    ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT __C__    PAGE __41__

| SHORT TITLE: MARLA BRENNER, et al. v. ULTIMATE CREATIONS, INC., et al. | CASE NUMBER | |
|---|---|---|

| | A (Civil Case Cover Sheet Category No.) | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT   C   PAGE 42

| SHORT TITLE: MARLA BRENNER, et al. v. ULTIMATE CREATIONS, INC., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Local Rule 2.0
Page 3 of 4

EXHIBIT C PAGE 43

| SHORT TITLE: MARLA BRENNER, et al. v. ULTIMATE CREATIONS, INC., et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>4870 Fountain Avenue | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90029 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>October 10, 2012</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT <u>C</u> PAGE <u>44</u>

EXHIBIT D

1  SUZANNE L. MARTIN, CA Bar No. 210613
   suzanne.martin@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Wells Fargo Tower
3  Suite 1500
   3800 Howard Hughes Parkway
4  Las Vegas, NV  89169
   Telephone:     702.369.6800
5  Facsimile:      702.369.6888

6  DANIEL PARKER JETT, CA Bar No. 178070
   daniel.jett@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
8  Los Angeles, CA  90071
   Telephone:     213.239.9800
9  Facsimile:      213.239.9045

10 Attorneys for Defendants
   ULTIMATE CREATIONS, INC. and JASON P. TOMS

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12   IN AND FOR THE CITY AND COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

13

14 MARLA BRENNER, JAMIE COOTS and        Case No. BC493645
   JEREMY GEI,
15                                        [Assigned to Hon. William F. Highberger,
                                          Dept. 307]
16          Plaintiffs,
                                          ANSWER OF ULTIMATE CREATIONS,
17     vs.                                INC. TO PLAINTIFFS' MULTISTATE AND
                                          NATIONWIDE CLASS ACTION
18 ULTIMATE CREATIONS, INC, JASON P.      COMPLAINT
   TOMS and DOES 1 through 100, inclusive,
19                                        Action Filed:      October 10, 2012
          Defendants.                     Trial Date:        None Set
20

21

22

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 15 2012

John A. Clarke, Executive Officer/Clerk
By K. Bowen, Deputy

EXHIBIT ___D___, PAGE __45__

13743060_1.DOC

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1      Defendants ULTIMATE CREATIONS, INC. ("UCI") and JASON P. TOMS (collectively

2  "Defendants") hereby respond to and answer the Multistate And National Class Action Complaint

3  ("Complaint") filed by Plaintiffs MARLA BRENNER, JAMIE COOTS, and JEREMY GEI

4  (collectively "Plaintiffs") as follows:

### GENERAL DENIAL

5

6      1.     Pursuant to California Code of Civil Procedure section 431.30(d), Defendants

7  generally and specifically denies each allegation asserted in the Complaint, and further denies that

8  Plaintiff has been damaged, in any manner or amount at all, by reason of any act, breach or

9  omission by Defendants.  Without waiving or excusing Plaintiffs' own, and respective, burdens of

10  proof and production of evidence, Defendants further allege, as and for their affirmative defenses

11  to all causes of action asserted against them in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (No Cause of Action)

14      1.     The Complaint fails to state facts sufficient to constitute a cause of action or causes

15  of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Duplicative Penalties and Remedies)

18      2.     Plaintiff's claims alleged in the Complaint are barred, in whole or in part, to the

19  extent that Plaintiff is seeking multiple penalties or remedies for the same conduct.

### THIRD AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

22      3.     The Complaint does not state facts sufficient to certify a class pursuant to Section

23  382 of the California Code of Civil Procedure such that this action is not property brought as a

24  class action.

### FOURTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

27      4.     Plaintiffs, and each of them, are not adequate representatives of the putative class.

28  / / /

EXHIBIT _D_ PAGE 46

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1  **FIFTH AFFIRMATIVE DEFENSE**

2  **(No Well-Defined Community of Interest)**

3      5.    A class action is not appropriate because individual issues and/or remedies

4  predominate over the asserted class-wide grievance and/or declaratory or injunctive relief.

5  **SIXTH AFFIRMATIVE DEFENSE**

6  **(No Commonality of Claims)**

7      6.    Plaintiff's claims are not representative of the proposed/putative class.

8  **SEVENTH AFFIRMATIVE DEFENSE**

9  **(Equitable Defenses)**

10      7.    The causes of action alleged in the Complaint, or some of them, are barred by the

11  doctrines of waiver, estoppel, unclean hands, and laches.

12  **EIGHTH AFFIRMATIVE DEFENSE**

13  **(No Common Issues of Law)**

14      8.    A class action is not appropriate because Plaintiffs' claims cannot be resolved via

15  common issues of law.

16  **NINTH AFFIRMATIVE DEFENSE**

17  **(Statute of Limitations)**

18      9.    The Complaint and each and every purported cause of action alleged therein is

19  barred in whole or part by all applicable statutes of limitation, including but not limited to

20  California Code of Civil Procedure §§ 337, 338, 339, and 340; Nevada Revised Statutes § 608.260;

21  and 29 U.S.C. § 255, subd. (a).

22  **TENTH AFFIRMATIVE DEFENSE**

23  **(No Private Cause of Action)**

24      10.    Plaintiffs and the purported class members do not have a private cause of action to

25  enforce the overtime compensation provisions of Nevada law.

26  / / /

27  / / /

28  / / /

EXHIBIT __D__ PAGE __47__

13743060_1.DOC

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure To Exhaust Administrative Remedies)**

11.   The Complaint, and each and every cause of action alleged therein, is barred, in whole and in part, because Plaintiffs (and each of them) failed to properly exhaust administrative remedies prior to filing suit.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver of Meal Periods Provided Under Company Policy)**

12.   As a separate and affirmative defense to the Complaint, Defendant UCI as a matter of policy provided its employees, including Plaintiffs (and each of them), one, 30-minute uninterrupted meal period, to be taken before the sixth hour of a shift, for each shift in excess of five (5) hours of duration.  Any occurrence where Plaintiffs (and each of them) missed or did not take a full, 30-minute meal period was in defiance of Defendant's policies and was a product of Plaintiffs' (and each of their) own choice.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver of Rest Breaks Provided Under Company Policy)**

13.   As a separate and affirmative defense to the Complaint, Defendant as a matter of policy provided its employees, including Plaintiffs (and each of them), an on-the-clock rest break, lasting at least 10 minutes, for each four (4) hours of work.  Any occurrence where Plaintiffs (and each of them) missed or did not take a 10-minute rest break was in defiance of Defendant's policies and was a product of Plaintiffs' (and each of their) own choice.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute As To Wages Owed)**

14.   Defendant alleges that Plaintiffs are not entitled to any penalty award under any section of the California Labor Code or any violation of the Fair Labor Standards Act ("FLSA") because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code and FLSA, but rather acted in good faith and had reasonable grounds for believing it did not violate those provisions.

///

EXHIBIT _D_ PAGE 48

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

13743060_1.DOC

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Independent Contractors)

15.     The Complaint, and all causes of action thereunder, are barred because Plaintiffs, and each of them, were independent contractors and not employees of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute As To Wages Owed)

16.     Defendant alleges that Plaintiffs are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing it did not violate those provisions.

## RESERVATIONS OF RIGHTS

Defendants hereby give notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.  The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Defendants bears the burden of proof on such defense, or waiver of any argument that Plaintiff bears such burden.

WHEREFORE, Defendant prays as follows:

1.     For entry of judgment in favor of Defendants and against Plaintiffs;

2.     That Plaintiffs take nothing by way of their Complaint;

3.     That Defendants be awarded costs of suit herein;

4.     That Defendants be awarded their actual attorney fees incurred in defending this suit; and

/ / /

/ / /

/ / /

/ / /

/ / /

EXHIBIT____D____,PAGE____49

13743060_1.DOC

1    5.    For such other and further relief as this Court may deem just and proper.

2

3    DATED:  November 15, 2012              OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
4

5

6                                          By:
7                                              Suzanne L. Martin
                                               Daniel Parker Jett
8                                          Attorneys for Defendants
                                           ULTIMATE CREATIONS, INC. and
9                                          JASON P. TOMS

10   13743060.1 (OGLETREE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  D  PAGE  50

1              **PROOF OF SERVICE BY UNITED STATES MAIL**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles, State of California; I am over the age of 18

4   years and not a party to this action. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

5         On November 15, 2012, I served the following document(s) described as:

6         ANSWER OF ULTIMATE CREATIONS, INC. TO PLAINTIFFS'

7         MULTISTATE AND NATIONWIDE CLASS ACTION COMPLAINT

8

9   on the persons below as follows:

10   Mark R. Thierman, Esq.              Counsel for Plaintiffs, Marla Brenner,
     Jason J. Kuller, Esq.                Jamie Coots and Jeremy Gei

11   Joshua D. Buck, Esq.
     THIERMAN LAW FIRM

12   7287 Lakeside Drive
     Reno, NV  89511

13

14

15         I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

16   ☐     deposited the sealed envelope or package with the United States Postal Service, with the

17         postage fully prepaid.*

18   ☒     placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection

19         and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

20

21         I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

22   ☒    (State)    I declare under penalty of perjury under the laws of the State of California that

23                  the above is true and correct.

24         Executed on November 15, 2012, at Los Angeles, California.

25   Dionne Harvey                      *Dionne Harvey*

26   Type or Print Name                    Signature

27   *   **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**

28   13742904.1 (OGLETREE)

                                   EXHIBIT ___D___ PAGE 51

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| MARLA BRENNER, JAMIE COOTS AND JEREMY GEI | ULTIMATE CREATIONS, INC., JASON P. TOMS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Suzanne L. Martin, #210613/Daniel Parker Jett, 178070<br>Ogletree, Deakins, Nash, Smoak & Stewart PC<br>3800 Howard Hughes Parkway<br>Suite 1500<br>Las Vegas, NV  89169<br>702.369.6800 | Mark R. Thierman/Jason J. Kuller<br>Thierman Law Firm<br>7287 Lakeside Drive<br>Reno, NV 89511 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removed pursuant to 28 U.S.C. section 1446(d)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ CV12 9839

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No    [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No    [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | Nevada |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _Daniel Parker Jett_     Date _November 16, 2012_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 9839 MRP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---